### BOW, ALIAS JOHN, THOMAS v. THE STATE.
#### No. 711.   Decided May 18.

1. **Bill of Exception—Practice on Appeal.**—Bills of exception, to be entitled to consideration on appeal, must have been filed in the court below during the term, and not later than ten days after the trial is concluded.

2. **Charge of the Court.**—A charge of the court should contain the law of the case; that is, the law applicable to the indictment and evidence adduced on the trial.

3. **Same—Assumption in of Issues Not Raised.**—If a court, in the charge, assumes and instructs upon a theory not raised or indicated by the evidence, it is radical error, and fatal to the conviction.

4. **Same—Assault with Intent to Murder—Provoking Difficulty.**—On a trial for assault to murder, when the court, in connection with self-defense, which was an issue in the case, instructed the jury with regard to provoking a difficulty, as to which there was no evidence, *Held*, such a charge was necessarily prejudicial to defendant's rights.

APPEAL from the Criminal District Court of Dallas. Tried below before Hon. CHARLES F. CLINT.

This appeal is from a conviction for assault with intent to murder, with punishment assessed at three years in the penitentiary.

The opinion sufficiently states the case.

*Bell & Atwell,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of an assault with intent to murder Mollie Hill, and given three years in the penitentiary. His nine bills of exception, having been filed after term time, can not be considered on this appeal. The statute requires bills of exception to be filed during the term, and not later than ten days after the trial is concluded.

The court charged the jury as follows: "If you believe that the defendant committed the assault as a means of defense, believing at the time he did so (if he did so) that he was in danger of losing his life or of serious bodily injury at the hands of said Mollie Hill, then you will acquit the defendant, unless you further believe from the evidence, beyond a reasonable doubt, that the defendant sought the meeting with said Mollie Hill for the purpose of provoking a difficulty with said

Mollie Hill, with intent to take the life of said Mollie Hill, or to do her such serious bodily injury as might probably end in death of Mollie Hill; and if you so believe from the evidence, beyond a reasonable doubt, then you are instructed, that if defendant sought such meeting for the said purpose and with such intent, the defendant would not be permitted to justify himself on the ground of self-defense, even though he should thereafter have been compelled to act in his own self-defense; but if he had no such purpose and intention in seeking to meet the said Mollie Hill, then his right of self-defense would not be forfeited, and he could stand his ground and defend himself by the use of such means of defense as the facts and circumstances indicated to be necessary to protect himself from the danger, or what reasonably appeared to him at the time to be danger.''

There is not one word of evidence in this record indicating that appellant sought a meeting with Mollie Hill for the purpose of provoking a difficulty with her. On the contrary, the testimony is undisputed that he went to her gambling bank for the purpose only of betting at her bank; that he borrowed $5 for this purpose; that he lost $4.50 of this money betting at her game; that she charged appellant with marking her cards, and refused to play with or deal any longer for him; that he demanded, under the rules of the game, that she should continue to deal until he had lost all of his money; that, upon her refusal to do so, he reached across the table, seized some of her money, and, upon her demand, refused to return it. At this point she reached into a drawer for her pistol, and defendant fired one shot, striking her in the neck. She fell to the floor, pistol in hand, but did not fire at appellant. The charge upon seeking a meeting with Mollie Hill for the purpose of provoking a difficulty is not authorized by any evidence in this case. It assumes a theory totally unsupported by the facts, strongly adverse to appellant; burdens his case with a strongly criminative matter, not connected with the case, and reasonably conveys to the minds of the jury the impression of the court that appellant sought Mollie Hill for the purpose of provoking her into a difficulty with murderous intent, and not, as the facts showed, for the purpose of winning her money at cards. ''If the court assumes and charges on a theory not raised or indicated by the evidence, it is radical error, and fatal to the conviction.'' Ross v. The State, 10 Texas Crim. App., 455; Taylor v. The State, 13 Texas Crim. App., 184; Hardin v. The State, Id., 192; Stewart v. The State, 15 Texas Crim. App., 598; Lynch v. The State, 24 Texas Crim. App., 350. ''However correct a principle of law may be in the abstract, it is error to give it in charge when there is a total want of evidence to support the phase of the case to which it is applied.'' Conn v. The State, 11 Texas Crim. App., 390; Lynch v. The State, 24 Texas Crim. App., 350. A charge should contain the law of the case; that is, the law applicable to the indictment and evidence adduced on the trial of the case.

Without entering into a discussion of the rule of probable injury vel non, this charge, we think, is clearly not within that rule, or the reason of that rule.   Conceding self-defense, perfect and imperfect, to be out of this case, still the court assumed, in the charge under discussion, the existence of evidence highly criminative in its nature, adversely to appellant, which, if true, would have had a strong tendency to cause the jury to inflict a higher punishment, and which, having no existence, could not reasonably have been otherwise than prejudicial to appellant.   The verdict was three years in the penitentiary, the minimum punishment for this offense being only two years.   This charge may have been the cause of the jury adding the third year.   Be this as it may, it was an erroneous charge, under the facts, directed to a highly criminating fact, which was not proved; and speculation, therefore, as to its injurious effect, should not be indulged.   The charge should never assume a theory against the accused, unsupported by any evidence.   If one such criminative fact can thus be assumed against him, then why not any number, until he is tried and convicted alone upon such assumed facts?   And this, too, it may be, without reference to the facts actually proved on the trial.   It would be no answer that the real facts would support the conviction.   He is to be tried on the evidence adduced and not on facts not testified to; and the charge must conform to the proven facts, not to unproved facts.   Starting with the assumed unproved criminative fact that he sought the meeting with Hill to provoke a deadly conflict with her, instead of for the purpose of winning her money, as testified by the witnesses, then the actions of appellant at the game become, in the light of this charge, clothed with a criminative force and efficacy that carried him irresistibly into the penitentiary, whether the real facts justified the verdict or not.   The effect of this charge was to impress the jury, or was calculated to do so, with the idea that there was evidence tending to show appellant sought the meeting with Hill for the purpose of provoking a difficulty with her, or the court so believed, and not, as stated by the witnesses, for the purpose of winning her money at cards.

The judgment is reversed, and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.