### V. F. HEDGE v. THE STATE.

No. 6192. Decided April 6, 1921.

Rehearing denied April 27, 1921.

**1.—Theft—Indictment—Want of Consent—Sufficient Allegations.**

Where, upon trial of a felony theft, the indictment, although at unnecessary length, sufficiently charged defendant with the taking of $424.21, the property of W. D. Watkins, from his possession, without his consent, and with the intent to appropriate same to the use and benefit of defendant, the same was sufficient; besides, in this class of cases, where property comes with the consent of the owner into the possession of the defendant, the prosecution for theft by an indictment in the ordinary form charging want of consent would suffice.

**2.—Same—Indictment—Check—Excess Due.**

That defendant was entitled to a part of the amount named in the check and was therefore a part owner of that amount, and that said check was voluntarily delivered to defendant, would have no bearing when it mani-

festly appeared from the allegation in the indictment that he was not charged with theft of the check, but of the $424.21, the excess of that due to defendant.

**3.—Same—Intent—Appropriation—Specific Amount not Necessary—Excess Due.**

It is not necessary, in order for guilt to be established, that the proof show the intention to have existed at the time of the appropriation to take a specific amount, and if defendant received the check in question, knowing at the time that it represented a larger amount than was due him, and intended at the time to appropriate to his own use such amount, his action would be theft, and the question as to whether it be felony or misdemeanor would depend upon the amount of such excess.

**4.—Same—Requested Charge—Theft of Money—Check.**

Where defendant was charged in the indictment with the theft of an excess due him, in money, by the check delivered to him, the court correctly refused a requested charge to the effect that if any part of the check so delivered belonged to the defendant, he could not be convicted. Distinguishing Mitchell v. State, 78 Texas Crim. Rep., 79.

**5.—Same—Requested Charge—Charge of Court—Return of Excess—Intent.**

Where, upon trial of theft, the fact showed that the State's witness was indebted to the defendant and made a mistake and gave him a check for $1061, instead of $636.79, of which defendant was immediately apprised and admitted that the check was too large, etc., and the court properly submitted this phase of the case to the jury, and instructed them that if they had a reasonable doubt as to whether the defendant intended to return the excess of the check, to acquit him there was no error in refusing a requested charge on this phase of the case.

**6.—Same—Consent—Sufficiency of the Evidence—Intent—Theft.**

The act of defendant became criminal under the terms of Article 1332, P. C., which declares among other things that if the defendant obtained possession of such property, having at the time the intent to deprive the owner of the value of same, and to appropriate same, the same is theft, the fact of consent of the owner to the possession or taking is immaterial in such case, and the proof being sufficient to sustain the conviction, in the instant case, there is no reversible error.

**7.—Same—Rehearing—Check—Money—Theft.**

Where, upon motion for rehearing, appellant urged that what he took was in fact a check, and that in as much as he was rightfully entitled to part of the proceeds of said check, he was part owner of the property so taken and hence guilty of no offense, such position is untenable, and the motion is overruled.

**8.—Same—Theft—Rule Stated—Intent—Check.**

One who receives a check and uses same as a means to fraudulently obtain money not his own with the intent to appropriate same and who does so appropriate it, may be charged and convicted of theft of such money, if when said money came into his possession he had such intent to appropriate it.

Appeal from the District Court of Armstrong. Tried below before the Honorable W. E. Gee.

Appeal from a conviction of felony theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. M. Mood,* for appellant.—Cited cases in opinion.

*R. H. Hamilton,* for the State.—Cited Fulcher v. State, 25 S. W. Rep., 625.

LATTIMORE, JUDGE.—Appellant was convicted of felony theft and his punishment fixed at two years' confinement in the penitentiary.

The indictment is of unnecessary length and detail, but we think sufficiently charges appellant with the taking of $424.21, the property of M. D. Watkins, from his possession, without his consent and with intent to appropriate same to the use and benefit of appellant.

Appellant made a motion to quash the indictment based upon the proposition that the want of consent of the alleged owner, to the taking of the money, did not appear from the indictment; that it was not alleged that said owner did not voluntarily part with a certain check described, and did not transfer it to appellant; also that it affirmatively appeared from said indictment that appellant was entitled to a part of the amount named in said check, and that he received both what was due him and what was not at the same time and in the same check, and that allegations of said facts did not make out a case of theft in the pleadings; also that said statement in the indictment showed affirmatively a lack of the essential elements of theft.

Without setting out the indictment in all its details, it sufficiently alleged that Watkins owed appellant $636.79, and that by mistake of Watkins he delivered to appellant a check for $1061 payable to appellant, and that same was for the sum and amount of $424.21 more than was due, and which excess was the personal property of Watkins and was taken without the consent of Watkins, with intent to deprive him of the value of same, and to appropriate it to the use and benefit of appellant. This we think sufficiently charged the theft of $424.21, the property of Watkins. It has often been held by this court, in the class of cases wherein property comes with the consent of the owner into the possession of the alleged taker, that a prosecution for theft by an indictment in the ordinary form charging want of consent, would suffice. See Art. 1332, Vernon's P. C., and Sec. 2493, Branch's Ann. P. C., and authorities cited under each.

That appellant was entitled to a part of the amount named in the check and was, therefore, a part owner of that amount, and that said check was voluntarily delivered to appellant, would have no bearing when it manifestly appeared from the allegation in the indictment that he was not charged with theft of the check, but of the $424.21, being the money called for by said check in excess of that due to appellant, and upon which latter he made no claim, and was not entitled to same. We think the motion to quash was correctly overruled.

In this connection, turning to the charge of the trial court we find where he gave two special charges asked by appellant, which were as follows:

"Gentlemen of the Jury: Even though you find Watkins paid defendant a check for $424.21 more than the contract between them called for, and that defendant accepted same and appropriated the proceeds of the whole of said check, still you cannot convict the defendant if you have a reasonable doubt whether the defendant was ignorant of the fact that he was receiving said $424.21 in excess of their contract."

"Gentlemen of the Jury: The gist of the offense of theft is a fraudulent taking; a taking in good faith or under the mistaken belief that the taker is entitled thereto cannot be the basis of theft. In this case if you have a reasonable doubt as to whether the defendant thought he had a right to receive the check as written, at the instant he did receive it, you cannot convict him."

We call attention to said special charges also in connection with an exception taken by appellant to paragraph 3 of the main charge, upon the ground that it did not tell the jury that appellant must have known at the time he received the check in question, the exact amount of same which was in excess of the amount due him, and must have intended to appropriate that exact amount in order to make him guilty. That part of said paragraph of the charge complained of is as follows:

"If you find beyond a reasonable doubt that . . . the said M. D. Watkins then and there, in said county and State, delivered to the said defendant a check in the sum of $1061 made payable to the said defendant or order, and drawn on the First State Bank of Claude, Texas, for said amount and duly signed by the said M. D. Watkins, and dated July 26, 1920; and that said check was of the value of $1061 in money, and that said check was by mistake of said M. D. Watkins made out in amount for $424.21 more than was due said defendant for said oats, and that said excess amount of $424.21 was the corporeal personal property of said M. D. Watkins, and that the said defendant did fraudulently take from the possession of the said M. D. Watkins said check so drawn for said excess amount of $424.21 and that said excess amount was of the value of $424.21 in money and was the personal property of said M. D. Watkins and that same was taken from him without his consent by the defendant and with the intent of the said defendant, at the very time of the taking, to deprive the said M. D. Watkins of the value of the same and to appropriate the same to the use and benefit of the said defendant, then you will find the defendant guilty and assess his punishment at confinement in the penitentiary for not less than two nor more than ten years."

Taking this charge and the first of the above quoted special charges and considering them together, can leave the mind in no doubt of the fact that the court specifically told the jury that unless appellant knew and intended to take and appropriate $424.21 at the time he received the check, he would not be guilty. However, we do not think it necessary in order for guilt to be established, that the proof show the inten-

tion to have existed at the time of appropriation, to take a specific amount. One who takes property fraudulently is held guilty and the degree of guilt is determined by the value of the property actually taken, not by what he thought or intended as to its value or the amount so taken. It would be a novel proposition that one taking a watch from a jeweler's tray valued at two hundred dollars, might only be held guilty of a misdemeanor if he testified that he intended to take a cheaper one.

If appellant received the check in question knowing at the time that it represented a larger amount than was due him and intended at the time of its reception to appropriate to his own use such amount as might be in excess of what was his, and did so appropriate it, his action would be theft, and the question as to whether it be a felony or misdemeanor would be determined by the amount of such excess so fraudulently appropriated, and not by what he thought to be the amount of the excess at the time of its appropriation. We are not discussing a case in which the accused claimed ownership of a sufficient amount in the check paid him, to reduce the excess below fifty dollars.

Appellant asked a charge to the effect that if any part of the check delivered to him by Watkins belonged to him, he could not be convicted. This was correctly refused. If appellant had been charged in the indictment with theft of the check itself, a different question might be presented. In the case of Mitchell v. State, 78 Texas Crim. accused was charged with theft of the check which represented money, Rep., 79, 180 S. W. Rep., 115, cited and relied upon by appellant, the part of which was due him, and part of which was included by mistake, as in the instant case. This court held that being a part owner of the check, he could not be convicted, the check not being shown to have been taken from one lawfully entitled to the possession of the whole. That case is authority for the proposition contended for by appellant, only in a case whose facts make same applicable. In the instant case appellant was charged with theft of $424.21, being that portion of a check for $1061, which was in excess of the amount due him by the alleged owner of the stolen money. It was not claimed on the trial that part of this excess amount belonged to appellant, and hence the requested charge could have no application, and the giving of same would have been erroneous.

A special charge asked to the effect that the jury should acquit, if they had a reasonable doubt as to whether appellant intended to return to Watkins the excess amount of said check, states the converse of a correct legal proposition. The trial court properly told the jury in effect, not only that they must have a reasonable doubt as to whether he intended to return it, but before they could convict they must believe beyond a reasonable doubt that he did not intend to return it, in that they must believe in fact that appellant intended at the very time of receiving it to appropriate it. The facts showed that Watkins was indebted to appellant for the purchase of some oats, and that in

figuring the amount due, Watkins made a mistake and gave to appellant a check for $1061, the amount of his debt being only $636.79. Upon discovering his error very soon after the check was delivered Watkins went to see appellant, appraised him of the amount of the over-payment and demanded of him a check in repayment of said amount. Appellant admitted that he thought the check was too large when it was given to him, but said he did not have a check at the house but would come down on the following day to see Watkins and straighten it up. The proof further shows on the following day appellant went to the bank and drew out all the money he had therein amounting to something over eight hundred dollars, and that night took the train for Fort Worth, from which place he went to Denison where he was arrested. It was in proof that on the day he drew out his money, he was hurrying to the depot to catch a train and gave a young man a dollar to get him there in time but they failed to reach said depot before the train passed, and he then offered the young man ten dollars to carry him down to Goodnight, a station further east, in time to head off the train and catch it there but the party refused to make the attempt. Appellant then got an automobile and went across the country and caught the Rock Island train, and came to Fort Worth as above mentioned. In explaining his action in drawing out all his money from the bank appellant said he had bought some horses and wanted money with which to pay for the same. He further testified he had put all the money he had in a gasoline truck with which he expected to do hauling and thereafter repay Watkins the excess amount of said check.

The act of appellant becomes criminal under the terms of Article 1332 of our Penal Code, which declares that the taking of property, though originally lawful, becomes theft when the possession of the taker came about through any false pretext, or if the taker obtained possession of such property having at the time the intent to deprive the owner of the value of same and to appropriate same, and if same is so appropriated. The fact of consent of the owner to the possession or taking, is immaterial in such case. The principles involved in a transaction of this kind have been often discussed, and many authorities are reviewed by Mr. Branch in Sec. 2493, et seq., of his Annotated P. C., and Vernon's P. C., pp. 858-9-860. This cause was ably and well presented by counsel who for some reason was appointed by the trial court, but we are forced to conclude that appellant has had a fair trial, and that the evidence in the record could not lead the dispassionate mind to any other conclusion that the justness of the verdict rendered.

Finding no error in the record the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

April 27, 1921.

LATTIMORE, Judge.—Counsel appointed to defend, with disinterested fidelity, has filed an able motion for rehearing urging that what appellant took was in fact a check for $1061, and that inasmuch as he was rightfully entitled to part of the proceeds of said check, he was part owner of the property so taken, and hence guilty of no offense.

We are unable to agree to the soundness of this proposition under the facts of this case. If A owes B $7.50 and by mistake gives in settlement a check for $75, which B accepts, places in his pocket and presents at the bank, and, upon payment to him by the bank of the $75 called for by said check, conceives the intent to appropriate the $7.50 excess, he would be guilty of theft of such excess. Illustrations might be multiplied. One might be given a trunk or grip by the owner, to be carried to a certain point, or a carrier might receive a coat to be taken to a shop to be pressed, and in either illustration a one hundred dollar bill might be found therein, and if the party who had received the trunk, grip or coat originally, conceived at the time of finding the money an intent to appropriate it, and did so appropriate it, it occurs to us that his offense would relate to the time of the appropriation of the money.

In the instant case the bank lost nothing; the check was genuine and drawn by the maker for the sum stated. The owner lost the $424, and the loss was not that of the bank. We think at the time appellant acquired said money if his acquisition was accompanied with the intent at the time to appropriate said excess, it made him guilty of theft of the money.

If charged with the theft of the check there might be ground for the contention. A check in a sense is property whose value is wholly relative, and unless there be money of the drawer in the bank named therein at the time of presentment for payment, said check but evidences an agreement to pay, and is subject to explanation, contradiction, or entire defeat of value, as are other similar instruments. It does not even operate as an assignment of funds, for the extinguishment of a debt, except the money be on hand in the bank and be paid upon presentment. We think one who receives a check and uses same as a means to fraudulently obtain money not his own, with intent to appropriate same, and who does so appropriate it, may be charged and convicted of theft of such money if the case made by the pleading and submitted in charge to the jury is based on an intent to appropriate, entertained and executed when said money comes into the possession of the person who received said check and presented it for payment.

The motion for rehearing is overruled.

*Overruled.*