## W. S. YORK V. THE STATE.

No. 21158. Delivered June 26, 1940.
Rehearing Denied October 23, 1940.

The opinion states the case.

*E. A. Bills,* of Littlefield, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for theft. The punishment assessed is confinement in the state penitentiary for a term of four years.

Appellant makes the contention that the evidence in this case fails to show the offense; that if it established an offense at all, it is shown to be embezzlement. We think his contention is well taken and must be sustained. Appellant came into the possession of the check lawfully for a certain purpose; that is, to deposit it to the credit of the prosecuting witness and to that extent he was her agent to act for her in making the deposit. The withdrawal of the $1,000 in cash and its conversion constitutes embezzlement. Of course, if there had been any false pretext or representations made by the appellant under and by virtue of which he obtained the check and then converted

some of the money to his own use and benefit, then it might constitute theft, but the record fails to show such to be the case as we will undertake to demonstrate by quoting from the testimony.

Mrs. Thresa E. Wilson's husband was killed in an automobile collision near Littlefield, in Lamb County, Texas. She engaged the services of a lawyer who brought suit for her to recover damages by reason of the death of her husband. A settlement was effected and her attorney sent to her at Peoria, Arizona, a check in the sum of $4200. She endorsed this check and sent it to the appellant with the request that he deposit it for her in the First National Bank of Littlefield, Texas. It seems that prior to the time she forwarded the check to him she wrote him a letter from which we quote as follows: "I would like to have your advice if you don't mind. When I get my insurance money, if I do, I understand the laws of this state are, if I bring it out here it becomes part of Mr. Wilson's estate, and I cannot by law use any of the money as my own until the estate is all settled up, which will probably be six months or longer. And I understand the law is different in Texas, and that it does not become part of the estate. I am on a deal for a piece of property here and will want to use some of the money right away, etc."

In reply thereto appellant wrote her as follows: "I just got your letter and immediately came to see Judge Potter, and he said for me to send you an air mail letter advising that you indorse the check and return (it) by registered mail (be sure to register and request return card) to me for deposit to your credit here. Potter sent the check to you by air mail this morning. Under Texas laws it does not become a part of an estate. Potter said that he knew in some states it would become a part of the estate and of course if it does in your state it would be tied up until the estate was released to you, etc."

It seems that upon the receipt of the letter from the appellant, Mrs. Wilson endorsed the check and immediately forwarded it to him with the request that he deposit it for her in the First National Bank of Littlefield, Texas. Appellant took the check to the bank, cashed it, withheld $1,000 and deposited the remainder to her credit. Mrs. Wilson did not know that he had taken $1,000 of her money until she had drawn several checks against her account and was notified by the bank that she had overdrawn the same. She then made an investigation and discovered that appellant had taken $1,000 of her money without

her consent. She sought to recover the money but appellant transferred his property to his son, who later sold it and appellant received the proceeds thereof. He failed to pay his sister (Mrs. Wilson) any part of the $1,000.

The cashier of the bank testified that when the appellant deposited the check he undertook to give appellant a deposit slip for the full amount of the check but he said that Mrs. Wilson wanted $1,000 in cash and deposit the balance. Upon this statement the cashier gave appellant $1,000 in cash and a deposit slip for the remainder.

Appellant testified in his own behalf to the effect that he had good reason to believe and did believe that he had a right to take $1,000 and use it because she had intimated on several occasions that if and when she recovered damages, she would make him a little loan to enable him to expand his business. We think that under Article 1534, P. C., the facts bring this case clearly within the statute defining embezzlement. The case of Stephens v. State, 49 Tex. Cr. R. 489, is very similar on the facts to the one under consideration. See also Powell v. State, 82 Tex. Cr. R. 163; Hamer v. State, 60 Tex. Cr. R. 341.

When Mrs. Wilson endorsed the check and sent it to the appellant for the purpose of having it deposited to her credit in the bank she made him her agent. If he took such money and converted a part thereof to his own use and benefit without her consent, he was guilty of embezzlement and not theft. Consequently we are constrained to reverse and remand this cause.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The State, through the Hon. Herbert C. Martin, District Attorney of the 64th Judicial District, has filed a motion for rehearing in which it is urged that the offense committed by appellant was theft and not embezzlement as held in our original opinion. The contention of the State necessarily turns upon a question of fact. We have therefore painstakingly reviewed the evidence with the State's contention in mind, and find ourselves unable to agree therewith. In the motion reliance is predicated

on Davenport v. State, 127 Tex. Cr. R. 552, 78 S. W. (2d) 605; De Blanc v. State, 118 Tex. Cr. R. 628, 37 S. W. (2d) 1024; Hedge v. State, 89 Tex. Cr. R. 236, 229 S. W. 862; Newcomb v. State, 131 Tex. Cr. R. 30, 95 S. W. (2d) 456; Riggs v. State, 125 Tex. Cr. R. 647, 70 S. W. (2d) 164; Speer v. State, 123 Tex. Cr. R. 188, 58 S. W. (2d) 95. In none of said cases does the question of agency arise, which appears in the present case from the undisputed testimony.

We are, therefore, constrained to overrule the motion for rehearing, and it is so ordered.