### SCOTT et al. v. HIGHLAND PARK STATE BANK.

No. 15027.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 25, 1949.

Rehearing Denied March 25, 1949.

Ross H. Scott, of Dallas, for appellants.

C. E. Kennemer, Jr., Renfro & Kilgore and C. C. Renfro, all of Dallas, for appellee.

HALL, Justice.

Appellants, Clara L. Scott and husband, Ross H. Scott, sued appellee, Highland Park State Bank, in a district court of Dallas County, Texas, alleging as a cause of action that on November 25, 1946 they began to deposit in said bank to the account of appellant, Clara L. Scott, proceeds from the sale of their home and by December 10 of the same year they had deposited the total sum of $11,133.43 from such sale; that prior to that time appellee had negligently deposited to appellant Clara L. Scott's account the sum of $6,262.26 which did not belong to her but was deposited by one Clara T. Scott, who is not a party to this suit; that when appellee bank discovered said error and withdrew the sum of $6,262.26 from appellant's account that such withdrawal was not only a part of their homestead money but it left them an overdraft of $1,168.10. They asked for recovery of $5,094.16 (the amount of appellant's account at the time of withdrawal by appellee) as being proceeds from the sale of their homestead, which appellee erroneously appropriated in that the same was so appropriated by appellee less than six months from date of the sale of their homestead, contrary to the provisions of Article 3834, Vernon's Ann.Civ.St.; that such appropriation by appellee was in violation of the Constitution and laws of the State of Texas and that they were entitled to recover same plus statutory rate of interest.

Appellee answered by general denial and by cross-action against appellants, seeking judgment for amount of the overdraft, to-wit, $1,168.10.

Trial was to the court which rendered judgment in favor of appellee and against appellants for said sum of $1,168.10 overdraft, and denied appellants recovery on their cause of action against the bank.

Some of the facts adduced upon the trial of the case are as follows:

On March 29, 1944 appellant Clara L. Scott opened a checking account in appellee Bank by depositing $483.30, and from that date until April 28, 1947 (the date on which the Bank found they had made the error) she had deposited the total sum of $14,473.01, of which sum $11,133.43 were proceeds from the sale of their home. During said time she had drawn checks against her account in the sum of $15,641.-11, thus leaving her account overdrawn in the sum of $1,168.10. In the meantime on March 30, 1945 one Clara T. Scott opened an account in appellee Bank and made three deposits totaling $6,262.26, which was erroneously credited to appellant Clara L. Scott's account. When the Bank discov-

ered their error on April 28, 1947, they withdrew said amount so erroneously placed in appellant's account and correctly placed it in Clara T. Scott's account, thereby leaving an overdraft in appellant's account in the sum of $1,168.10, for which the court rendered judgment in favor of appellee.

The court's findings of fact reveal, among other things, the following: That Clara T. Scott made deposits totaling $6,262.26; that appellant Clara L. Scott received statements from the Bank each month showing deposits made and checks drawn on her account; that appellant Clara L. Scott knew that the money so erroneously credited to her account was not money deposited by her or her husband, Ross H. Scott, or any one else having authority to do so; that the total amount deposited by appellant was less than the total amount of checks cashed against said account, thereby leaving an overdraft as above enumerated; that said overdraft was made by reason of appellants concealing and not disclosing such errors to appellee; that appellant Clara L. Scott knew the money which she withdrew from the Bank causing said overdraft was not her money and that she drew checks against her account in excess of same. That in 1946 appellants sold their home and made a total deposit of $11,133.43 in said account and that simultaneously with said sale they purchased a home located at 2905 Dyer Street, Dallas, Texas, which they immediately occupied as a homestead and have continuously used same as such, for which they paid $5,200 out of the account in question. They paid income tax due on the sale of said homestead in the sum of $588.00; that the balance in said checking account in question on December 10, 1946 was $9,144.62, which included the three erroneous credits totaling $6,262.26. That neither of the appellants ever told the Bank that any deposit by the said Clara L. Scott in said Bank was community property. That the Bank discovered their mistake on April 28, 1947 and that on said date a correction entry was made crediting Clara T. Scott's account in sum of $6,262.26 and removing said erroneous credits from the account of Clara L. Scott, thereby leaving the over-

draft of $1,168.10 in question. That appellee's employee, Harry Yeager, Assistant Cashier, attempted to obtain a reconcilement of said account with appellant Clara L. Scott but was unsuccessful, and on September 19, 1947 the appellant Clara L. Scott drew a check for $5,094.16, payable to the order of her husband, which was refused payment by appellee when it was submitted for payment about September 20, 1947; that both appellants knew that the money erroneously deposited to Clara L. Scott's account was not their money. It further found that the money derived from the sale of their home was given to the wife, Clara L. Scott, by the husband; that the numerous checks drawn against Clara L. Scott's account were for living expenses, home appliances and other family uses. The statement of facts supports the court's findings of fact on all material findings.

The court's conclusions of law are as follows: That Clara L. Scott checked out of said Bank $1,168.10 more than she deposited in the Bank, for which amount appellee should recover from both appellants. That appellants should not recover the $5,094.16 which they had used.

Appellants points of error are as follows:

1. "The court erred in denying appellants a recovery because the undisputed testimony was to the effect that the appellee made a mistake, through no fault of appellants, in the early part of the year 1945, by reason of which appellant Clara L. Scott was enabled to and did receive and spend $6,262.26 which was not in fact her money; that the only theory upon which appellee could recover such sum of money would be upon an implied obligation of a married woman to repay money had and received and since she did not have the capacity to make an express obligation certainly she could not be held on an implied obligation, therefore the appellee bank had no right to cause a debit to be made to effect collection of such sum of money."

2. "The court erred in denying appellants a recovery because the money which was applied on April 28, 1947 on the erroneous credit was the remainder of the proceeds of the voluntary sale of appel-

lants homestead and was applied on the amount claimed by appellee within less than six months from date of sale of the homestead."

3. "The court erred in finding as a fact 'I find that the first time Highland Park State Bank refused payment of $5,094.16 was about September 20, 1947 and that was the first time Highland Park State Bank refused to recognize Clara L. Scott's ownership of said money' for the reason that not only all of appellants pleadings and proof were to the effect that appellee caused a debit to be made on April 28, 1947, but appellee's pleadings and evidence, including ledger sheets of the account, was to the same effect, therefore such a finding of fact was not supported by the pleadings or the evidence."

4. "The court erred in finding as a fact that the proceeds of the sale of the homestead were deposited in the account of Clara L. Scott as a gift, intended as a gift to her from appellant Ross H. Scott, for the reason that the theory of gift as a defense is not raised by appellee's pleadings and such finding is not supported by the evidence."

■ We overrule appellants' point one for the reason that even though appellee Bank did err in placing the $6,262.26 in appellant Clara L. Scott's account, which she recognized to not be her money, this would not deny the Bank a cause of action against said appellants to recover the same because of their incapacity to make an express obligation. Appellants do not cite us any authority to the contrary which would deny appellee a right to withdraw from appellant's account money erroneously placed therein.

■ In answer to point two; Article 3834, Vernon's Ann.Civ.St., reads as follows: "The proceeds of the voluntary sale of the homestead shall not be subject to garnishment or forced sale within six months after such sale." While it is true that the law sometimes upholds and protects the homestead of a person who intends to defraud his creditors, Garrard et al. v. Henderson, Tex.Civ.App., 209 S.W. 2d 225, yet we do not find that this question is involved here. In overruling appel-

lants' point two, we find that appellant voluntarily of her own free will and accord withdrew by numerous checks more than the amount she had placed in the Bank, including the homestead money, that she did not have a right to use the money erroneously deposited in her account because such action would be "theft of property" and therefore it was never hers.

It was held in Byrd v. State, 90 Tex.Cr. R. 418, 235 S.W. 891:

"If defendant, by virtue of a mistaken credit by a bank, came into possession of money exceeding $50, and then formed the fraudulent intent to appropriate the same, and did appropriate it, he was guilty of theft.

"Evidence held to sustain conviction of theft on theory that defendant, on discovery of a mistaken credit to his account by a bank drew out a large sum of money for deposit in another bank, and drew the money from that bank and knowingly appropriated it." See also Speer v. State, 123 Tex.Cr.R. 188, 58 S.W.2d 95.

The amount of money erroneously placed in appellant's account did not in any way affect or induce her to check against her account more than she actually had placed therein without the consent of the Bank. To enumerate how she was drawing against this account even after she had placed her homestead money therein from that time until the Bank discovered its error, she drew against said account itemized checks enumerated on adding machine tape some two lineal feet, totaling $9,503.96, out of which she had purchased a home.

■ Rather than to say that appellant unlawfully appropriated the $1,168.10 composing the overdraft, we would say that the Bank stopped her from checking on her overdraft and since appellants voluntarily spent all of the money they received out of their homestead without any inducement or fraud being perpetrated on them by appellee, we find the court did not err in denying appellants relief and in granting appellee judgment for the overdraft.

As to point three we find that the statement of facts does not support the court's finding on this immaterial point but the same does not disturb the material findings

of the court; the same is true as to appellants' point four.

Judgment of the trial court is affirmed.