Betty CLAYTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–91–00272–CR.

Court of Appeals of Texas,
Tyler.

Dec. 31, 1993.

Rehearing Overruled Feb. 3, 1994.

William M. House, Jr., Palestine, for appellant.

Amy Blalock, Asst., Dist. Atty., Tyler, for appellee.

HOLCOMB, Justice.

This appeal is taken from Appellant's jury conviction of theft of more than $750.00 and less than $20,000.00. Punishment was as-sessed at six years confinement, probated for six years, with a fine of $3,000.00, which was not probated, and restitution in the amount of $1,362.50. We will affirm.

At approximately 5:00 P.M., on December 19, 1990, Betty Clayton went to a drive-in lane at the First National Bank in Palestine to cash a child support check for $137.50, which she had just received. Teller Burris was cashing a $1,500.00 check for another customer, Tony Shearin. Burris testified that, by mistake, she sent that customer's $1,500.00 through the pneumatic tubes to the terminal where Clayton was waiting. She testified that the transaction numbers on the Shearin check were the same as the transac-tion numbers on her register's tape which showed that she had taken $1,500.00 from her register. She also stated that a comput-er-generated ticket was created because the check was over $1,000, and that this "cash-out" ticket also had transaction numbers matching those stamped on the check and the register tape. She testified that after she put the $1,500.00 into the red canister, she "chunked" or "threw" it into the tube because of the way she had to reach around teller Barrett. Burris said she chunked it into the yellow tube when it should have been put into the red tube. Her testimony comes from the fact that the canister was returned from the yellow tube, not that she was pay-ing attention when she threw the canister into the tubes. Teller Barrett testified that she was cashing Clayton's check for $137.50. She had put the money into an envelope which she put in the yellow canister. Bar-rett noticed that she could not put the canis-ter into the tube yellow because a control light indicated that a canister was already in the tube. The supervisor, Chasten, pushed a button to recall the canister in the yellow tube, but when it returned it was the red canister, which was empty. By this time Clayton had driven off. The $137.50, along with the canceled check, was kept in a safe in the bank until the day before trial when it was turned over to the State.

On Christmas Eve, December 24, 1990, Clayton returned to the bank and was con-fronted by the bank's Senior Vice–President, Laird, and several tellers who told her of the

mistake and asked that she return the excess money. Clayton insisted that she received her $137.50 in tens and fives as she had requested, and stated that she had not received the $1,500.00. The matter had been reported to the police by December 20, 1990 as a theft. Clayton was indicted for:

[I]ntentionally and unlawfully appropriat[ing], by acquiring and otherwise exercising control over, property, to-wit: U.S. currency of the value of $750.00 but less than $20,000.00 from the owner, Gary Laird, *without effective consent of the owner*, and with intent to deprive the owner of the property.

In one point of error Clayton argues that the evidence is insufficient to support her conviction. Her argument is centered on whether the consent was ineffective as a result of deception or coercion. She points to *Swope v. State*, 723 S.W.2d 216 (Tex.App.–Austin 1986), *aff'd*, 805 S.W.2d 442 (Tex.Cr.App.1991), for the proposition that appropriation is unlawful only if done without the effective consent of the owner; that since there was no deception or coercion by Clayton, there was no unlawful appropriation. "We find appellant's argument under this contention suggests a rather fundamental misunderstanding of our theft statute and of the definitions which apply to it." *Thomas v. State*, 753 S.W.2d 688, 690 (Tex.Cr.App.1988). "Appropriate" means to "exercise control over property other than real property." TEX.PENAL CODE § 31.01(5)(B). Instances where appropriation is unlawful, listed in TEXAS PENAL CODE section 31.03(b), are not exclusive as Appellant argues. "Unlawful" is defined as: "criminal or tortious or both and *includes what would be criminal or tortious but for a defense not amounting to justification*." TEX.PENAL CODE § 1.07(a)(36).

The issue to be decided is: when a bank gratuitously, by mistake or negligence, physically transfers money to a customer, can the customer unlawfully appropriate that money and commit the crime of theft?

In reviewing the sufficiency of the evidence, the reviewing court must consider all the evidence which the jury was permitted to consider, whether rightly or wrongly. *Thomas v. State*, 753 S.W.2d at 695. The standard for reviewing sufficiency of the evidence questions on appeal is, whether, after reviewing the evidence in a light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234 (Tex.Cr.App.1989); *Stokes v. State*, 853 S.W.2d 227 (Tex.App.—Tyler 1993, no pet.). The reviewing court is not to act as a thirteenth juror, but is to position itself as "a final, due process safeguard ensuring only the rationality of the factfinder." *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Cr.App.1988).

When Clayton discovered that she possessed money in excess of $137.50, she committed a crime at the time she formed the intent to appropriate the excess with the intent to deprive the owner of that amount. *Speer v. State*, 123 Tex.Crim. 188, 58 S.W.2d 95, 98 (1933). Even if Clayton knew of the excess, without the testimony that she refused to return the excess, there would have been nothing to show her intent to appropriate that excess. *Id.* In *Hedge v. State*, 89 Tex.Crim. 236, 229 S.W. 862, 865 (1921), the court held that a person who lawfully received a check that was mistakenly for more than was due, committed theft when he cashed the check and intended to appropriate the excess to his own use. We believe the precedential value of these old cases survives the adoption of the current Penal Code, since the terms and definitions have not changed significantly as they apply to this case.

In looking at the record, there is sufficient evidence for a rational jury to conclude that the bank, by a self-induced mistake, transferred $1,500.00 to Clayton. While Clayton lawfully had possession of the excess money, a rational jury could conclude from the evidence that by not returning the money, Clayton formed an intent to appropriate the money and deprive the owner the use of the money. TEX. PENAL CODE § 31.03. The point of error is overruled.

The judgment of the trial court is affirmed.