NUMBER 13-05-001-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


RODNEY CURTIS SPIVEY, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 117th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Benavides, and Vela


Memorandum Opinion by Justice Yañez


 

 After a bench trial, the trial court found appellant, Rodney Spivey, guilty of theft of
property valued at more than $1,500 but less than $20,000. (1) Appellant was sentenced to
two years' confinement, suspended for three years, and fined $2,000. In three issues,
appellant asserts the trial court erred by overruling his motion for directed verdict. We
affirm.

Standard of Review

 We treat an issue complaining of a court's failure to grant a motion for directed
verdict as a challenge to the legal sufficiency of the evidence. (2) When reviewing legal
sufficiency, we view the evidence in the light most favorable to the judgment and determine
whether any rational trier of fact could have found the elements of the offense beyond a
reasonable doubt. (3) We resolve inconsistencies in the testimony in favor of the verdict. (4) 
We do not examine the fact-finder's weighing of the evidence but merely determine
whether there is evidence supporting the judgment. (5)

Trial Testimony

 Paula Cantrell Shellberg provided the following testimony at appellant's trial. In
early 2002, Shellberg contacted appellant, seeking his assistance in selling her scuba
equipment. The equipment had been originally purchased from appellant by Shellberg's
husband, who was now deceased. Appellant, who operated a store that sold diving gear,
agreed to sell Shellberg's equipment on consignment. At the point the equipment was
sold, appellant was to pay Shellberg $2,000 and retain any amount paid in excess. 
Appellant took possession of the equipment on April 16, 2002.

 Shellberg subsequently made a number of unsuccessful attempts to contact
appellant. In May 2002, appellant told Shellberg that he had some leads in finding a
potential buyer and that the equipment was still in his possession. In June 2002, appellant
told Shellberg that someone had given him a $500 deposit on the equipment with the intent
of purchasing the equipment within a couple of weeks. In the days that followed, Shellberg
attempted to contact appellant without success. In either late June or early July, Shellberg
left a message for appellant, informing him that she wanted to pick up the equipment from
him because she had found a buyer. With the help of a friend, Carl Avery, Shellberg was
able to reach appellant on July 26, 2002. At this time, appellant told Shellberg that his
business had been burglarized, her equipment had been stolen, and he had filed a police
report with the police. Shellberg later discovered that no police report had been filed and
that appellant had sold portions of her equipment to Justin Dunn on July 2, 2002.

 Justin Dunn testified that he paid $1,600 to purchase scuba diving equipment from
appellant on July 2. According to Dunn, appellant told him that he was selling the
equipment as a favor for a lady whose husband had bought it and passed away.

 Deputy Constable Robert Zenner testified that local police records did not show that
appellant had ever filed a police report. He also testified that the serial numbers on the
equipment purchased by Dunn matched the numbers that Shellberg alleged were on the
equipment she owned.

Analysis

 Section 31.03 of the Texas Penal Code provides that in order to prove theft, the
State must show that a person unlawfully appropriated property with the intent to deprive
the owner of the property. (6) To "appropriate" is defined as "to acquire or otherwise exercise
control over property other than real property." (7) Appropriation of property is unlawful if it
is without the owner's effective consent. (8)

 Appellant first challenges the evidence that established that he appropriated the
scuba equipment without Shellberg's consent. Admittedly, appellant had a right to possess
and, to some extent, control the equipment. However, once appellant decided to use the
equipment for his own benefit (i.e., to sell it and retain all profits from the sale for himself)
rather than for the benefit of Shellberg, his control over the equipment could no longer be
considered consensual. (9) Furthermore, when Shellberg was asked at trial whether she had
given appellant her consent to sell the equipment to Dunn, she responded: "I had given
[the equipment] to [appellant] for consignment for sale only if I was compensated for the
sale." The testimony at trial revealed that appellant did not sell the equipment in
compliance with Shellberg's terms. We conclude the evidence is legally sufficient to show
the owner's lack of consent. Therefore, we overrule appellant's first issue.

 In his second issue, appellant claims there is no evidence showing an intent to
deprive. "Deprive" means "to withhold property from the owner permanently or for so
extended a period of time that a major portion of the value or enjoyment of the property is
lost to the owner." (10) The evidence at trial showed that (1) appellant sold Shellberg's
equipment without her knowledge, (2) appellant did not inform Shellberg of this sale
despite the opportunity to do so, (3) appellant did not give Shellberg any money stemming
from the sale of her equipment, and (4) appellant told Shellberg that her equipment had
been stolen. Viewing the evidence in the light most favorable to the verdict, we conclude
that any rational trier of fact could have found that appellant had an intent to deprive. (11) 
Appellant's second issue is overruled.

 In his final issue, appellant seems to assert that his conviction must be reversed
because there is no evidence that he had an intent to deprive at the time he initially took
possession of Shellberg's scuba equipment. In response, the State contends that when
a defendant initially acquires possession of property lawfully and without any indication of
an intent to deprive, but later unlawfully appropriates the property by taking an action
inconsistent with the owner's rights, the fact finder may infer an intent to deprive at that
time, and this is sufficient to support a conviction for theft. We agree with the State. (12) It
is not important that appellant did not have an intent to deprive at the time he took
possession of the equipment; all that is necessary is that appellant had such an intent at
some point during the time he exercised control over the equipment without the owner's
effective consent. (13) In light of the trial testimony outlined herein, we believe any rational
trier of fact could have made such a finding. Accordingly, we overrule appellant's third
issue.

Conclusion

 The judgment of the trial court is affirmed.




 

 LINDA REYNA YAÑEZ,

 Justice





Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 22nd day of March, 2007.

1. Tex. Pen. Code Ann. § 31.03(e)(4) (Vernon 2005).
2. See Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996); Cook v. State, 858 S.W.2d 467,
470 (Tex. Crim. App. 1993); Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990) ("A challenge to
the trial judge's ruling on a motion for an instructed verdict is in actuality a challenge to the sufficiency of the
evidence to support the conviction.").
3. See Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Moff v. State, 131 S.W.3d 485, 488 (Tex.
Crim. App. 2004); Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).
4. Curry, 30 S.W.3d at 406; Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).
5. Clewis v. State, 922 S.W.2d 126, 132 n.10 (Tex. Crim. App. 1996).
6. Tex. Pen. Code Ann. § 31.03 (Vernon 2005).
7. Id. § 31.01(4)(B).
8. Id. § 31.03(b)(1).
9. See Garth v. State, 3 S.W.3d 218, 221 (Tex. App.-Dallas 1999, no pet.).
10. Tex. Pen. Code Ann. § 31.01(2)(A) (Vernon 2005).
11. "The intent to deprive is determined from the words and acts of the accused." King v. State, 174
S.W.3d 796, 810 (Tex. App.-Corpus Christi 2005, pet. ref'd) (citing Griffin v. State, 614 S.W.2d 155, 159 (Tex.
Crim. App. 1981)).
12. See Clayton v. State, 872 S.W.2d 4, 5 (Tex. App.-Tyler 1993, no pet.) (finding that when bank
mistakenly transferred too much money to customer, customer's later discovery of the mistake and unlawful
appropriation of the money at that time amounted to a theft).
13. See Thomas v. State, 753 S.W.2d 688, 693 (Tex. Crim. App. 1988).