## C. K. Lewis v. The State.

### No. 3026. Decided May 24, 1905.

**1.—Theft of Horses—Prosecution Under Different Statutes—Statutes Construed.**

Where the same transaction may be an offense under two different statutes, the prosecution may be brought under either. Under article 861, Penal Code, the fraudulent intent must exist at the very time of obtaining possession of the property by means of a false pretext, while under article 877, same code, the fraudulent intent may be formed afterwards, and where the facts establish such intent at the very time of obtaining possession of the horses alleged to have been stolen, although the pretext of defendant was that he hired them, the prosecution could be sustained under article 861.

**2.—Same—Venue—Indictment—False Pretext.**

Where the evidence, in a prosecution for theft of horses under article 861, showed that defendant by a false pretext obtained possession of them with the fraudulent intent to appropriate them to his own use, in G. County, Texas, and thereafter attempted to dispose of them in the Indian Territory, the venue was correctly laid in said G. County, the conversion taking place there, and the attempted sale of the horses in the said territory merely evidenced his intent at the time of procuring possession of them. Nor was it necessary that the indictment should have alleged the false pretext, as that could be proven under an indictment for theft in the ordinary form,

**3.—Same—Charge of Court—Favorable to Theory of Defense.**

Where the portion of the charge of the court objected to is merely introductory and the whole charge on the issue submitted is in fact presenting the essential features of appellant's defensive theory there was no error, as the charge required the jury to believe beyond a reasonable doubt that appellant, before he could be convicted, must have formed the fraudulent intent at the very time of the hiring to appropriate the horses he was alleged of stealing to his own use, and at the very time he used the false pretext, and that he must be acquitted if he conceived such intent afterwards.

**4.—Same—Fact Case.**

See opinion for evidence held sufficient to sustain a conviction for theft of horses, by obtaining possession of them under a false pretext of hiring them.

**5.—Same—Newly Discovered Evidence—Affidavit—Practice on Appeal.**

Where there is an affidavit in the record with reference to newly discovered evidence, which is not in proper shape, it will not be considered on appeal.

Appeal from the District Court of Grayson. Tried below before Hon. B. L. Jones.

Appeal from a conviction of theft of horses; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant has reached the reporter.

*Howard Martin,* Assistant Attorney-General, for the State.—Appellant was indicted and convicted for the theft of two horses, by virtue of article 861, Penal Code. The evidence shows that appellant hired the horses from a liveryman; that he was to make a trip to a certain place with the team; that he did not return the horses, but carried them out of the State and sold them; made misrepresentations as to how he came by the horses to the party to whom he sold them.

Appellant's main insistence is that the evidence is not sufficient to show that he obtained possession of the horses by any false pretext, or with intent to deprive the owner of the value at the very time of the taking. The State submits that the evidence is sufficient to warrant the conclusion that appellant at the very time he obtained possession of the horses, did so with the intent to deprive the owner of the value, and that he resorted to a false pretext by misrepresenting the purpose for which he intended to use them. For decisions, see White's Ann. P. C., sec. 1490; Lopez v. State, 37 Texas Crim. Rep., 649; Abbey v. State, 35 Texas Crim. Rep., 589; Flynn v. State, 83 S. W. Rep., 206.

HENDERSON, JUDGE.—Appellant was convicted of the theft of horses, and his punishment fixed at three years confinement in the penitentiary; hence this appeal.

This was an ordinary indictment for theft. The proof shows that it was consummated by means of a false pretext, which is provided for in article 861, Penal Code. Appellant reserved a bill of exceptions to the action of the court refusing to give his peremptory instruction, authorizing the jury to acquit appellant on the ground that there was

no evidence to authorize a conviction.  Appellant's motion seems to be predicated on the idea that this prosecution should have been brought under article 877, Penal Code,—the contention being that the evidence shows that the horses in question were hired, and that the State's evidence showed a conversion by the bailee without the consent of the owner and with the intent to deprive him of the value of the same. The fact that this prosecution might have been maintained under article 877, Penal Code, does not establish that the prosecution could not also be maintained under article 861, Penal Code, if the facts bring it within the latter article.  The same transaction may be an offense under both statutes.  The distinction between the offenses being that under article 861 the fraudulent intent must exist at the very time of obtaining possession of the property, while under article 877 it is not necessary that the fraudulent intent should have existed at the time the possession of the property was obtained, but may be formed afterwards.  In this case all the elements prescribed under article 861 were proven by the State; that is, that appellant obtained possession of the horses in question under false pretenses to wit: that he was going to drive them to Carpenter's Bluff, eight miles east of Denison.  The proof further showed that, instead of going in that direction, he went in almost the opposite direction, and drove to the Indian Territory, some thirty miles, and on the same day was detected in an endeavor to dispose of the horses, and also the buggy which he hired at the same time, at a price far below their real value.  Flynn v. State, 83 S. W. Rep., 206; Morrison v. State, 17 Texas Crim. App., 34.

Appellant further insists in this connection, that the conversion, if any, according to the evidence, took place in the Indian Territory, and not in Grayson County.  According to the evidence, as we understand it, appellant committed the theft of the property at the very time of hiring the team in Grayson County; otherwise this prosecution could not be maintained.  The proof that he attempted to sell the horses in the Indian Territory was merely evidence reflecting and illustrating his intent at the time of the hiring.  It was not necessary, as insisted by appellant, that there be a sale of the property in order to establish a conversion.  The attempted sale was merely evidence of appellant's intent and purpose at the time of procuring the team.  The jury under the evidence was authorized to find that he obtained the team under a false pretext, and that he appropriated the same immediately to his own use.  Nor was it necessary that the indictment should have alleged a false pretext.  A false pretext can be proven under an ordinary indictment for theft.  See authorities cited in sec. 1491, White's Ann. Pen. Code.

Appellant complains of the portion of the charge of the court which substantially instructed the jury, that the undisputed evidence showed that defendant got possession of said horses from Eearl Wood, the agent of said Davis, and that said Wood gave his consent to the hiring of said horses.  This portion of the charge is merely introductory of

that which follows to wit: "So, before you can convict the defendant, you must believe from the evidence beyond a reasonable doubt that just before and at the time of said hiring, the defendant C. K. Lewis had formed the intent to appropriate said horses to his own use and benefit and to deprive the said Davis of the value of the same; and you must further believe from the evidence beyond a reasonable doubt that the hiring of said horses was a false pretext on the part of appellant to obtain possession of said horses, and unless you so believe beyond a reasonable doubt, you must acquit the defendant, even though you may believe that after he had obtained the possession of said horses, he conceived and formed the intent to appropriate and did appropriate the said horses to his own use," etc. The criticism directed at this charge is that it made the intent to appropriate sufficient to authorize the conviction without an appropriation. But by reading the whole charge it will be seen that the .court was merely presenting the essential features of appellant's defensive theory; that is, it required the jury to believe beyond a reasonable doubt that appellant, before he could be convicted must have formed the intent at the very time of the hiring to appropriate said horses to his own use, and that at the very time he used the false pretext he got possession of the same; and they were instructed to acquit defendant, unless they found said matters to be true beyond a reasonable doubt, even though they found that he afterwards conceived the intent to appropriate and did appropriate the horses. ·As stated, this was a charge given in appellant's favor, and required not only that the jury believe appellant appropriated the horses to his own use, but that the other essential features of the State's case should also be proven.

The remainder of appellant's motion for new trial questions the sufficiency of the evidence to sustain the verdict. We have examined the same and believe, as heretofore stated, that the evidence ˙is adequate. There is an affidavit ·in the record with reference to some newly discovered evidence, but it is not in shape to be considered. There being no error in the record, the judgment is affirmed.

*Affirmed.*