## H. C. WATKINS V. THE STATE.

No. 9782.   Delivered October 14, 1925.

Rehearing denied November 11, 1925.

1.—Manufacture of Intoxicating Liquor—Bill of Exception—Incomplete—Presents No Error.

This record contains several bills of exception that are not sufficiently comprehensive to be considered. It is well understood that it is not sufficient to state certain matters as grounds of objection. The bill must go further and verify such grounds by showing in the bill itself that such grounds were true or in fact existed.

2.—Same—No Statement of Facts—Refusal of Peremptory Instruction.

Where there is no statement of facts brought forward, a bill of exception complaining of the refusal of the trial court to give a requested peremptory instruction cannot be considered.

3.—Same—Election by State—Cannot be Reviewed—Without Statement of Facts.

Where the indictment charged in separate counts, various phases of violations of the liquor law, and there being no statement of facts before us, we are not able to say whether the evidence introduced would have tended to support all of the different phases set out, and an election by the State was not necessary.

ON REHEARING.

4.—Same—Statement of Facts—Brought Forward—Error Corrected.

Where a statement of facts has been properly filed in the court below, but is omitted from the record on appeal by the inadvertence of the district clerk, it will be ordered forwarded to this court, and in the instant case it is now considered in connection with the motion for rehearing.

5.—Same—Accomplice Testimony—Corroboration Insufficient.

Where, on the trial for manufacturing intoxicating liquor, the State relied upon the testimony of two witnesses who had aided appellant in such manufacture, there being no sufficient corroboration of these accomplices' testimony, the conviction cannot stand, and appellant's motion for a rehearing is granted, and the cause reversed, and remanded.

Appeal from the District Court of Nueces County. Tried below before the Hon. A. W. Cunningham, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*Sydney P. Chandler*, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—This is an appeal from a conviction in the Criminal District Court of Nueces County for the offense of possessing equipment for the manufacture of intoxicating liquor. The punishment was three years in the penitentiary.

There is no statement of facts in the record. Bill of exceptions No. 1, as qualified by the trial court, presents no error. If we decline to accept the qualification attached to the bill, still it is shown that the paraphernalia brought into the court room was all introduced in evidence, and this would meet any objection raised in the bill.

Bill of exceptions No. 2 presents appellant's objection to a question asked witness Brandenberg, the proposition being that the question and answer were not in rebuttal of any testimony introduced by the defense. There is nothing in the bill that in anywise apprises this court of the truthfulness and validity of this objection. In the absence of a showing that in fact the matter was not in rebuttal, the bill presents nothing for our consideration. The question has been frequently passed upon.

What has been said above is also true of bill of exceptions No. 3. It is well understood that it is not sufficient to state certain matters as grounds of objection. The bill must go further and verify such grounds by showing in the bill itself that such grounds were true or in fact existed. The fourth bill of exceptions complains of the refusal of peremptory in-

struction of not guilty, and cannot be considered by us in the absence of the statement of facts.

The motion to require the State to elect came too late, same not being made until after the close of the evidence both for the State and defense, as appears from the allegations of the bill. The indictment charged in separate counts various phases of violations of the liquor law and for all we know the evidence introduced would have tended to support such different phases, and the State may not have been required to elect. There being no statement of facts before us, we are unable to solve this proposition.

The remaining bills of exception complain of errors in the charge of the court. It appears that the court's charge was corrected in some of the particulars and as corrected is not deemed open to the objections urged.

The judgment of the trial court will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

It is shown by satisfactory evidence that a statement of facts in this case was properly filed in the court below, and was omitted from the record on appeal by the inadvertence of the district clerk. Same has been forwarded to this court and filed with the papers, and upon the showing made, will now be considered in connection with the motion for rehearing.

The State introduced Mr. and Mrs. Brandenburg who testified at length to the acts of the appellant in the manufacture of intoxicating liquor at their home, in which they both participated. They testified further that following a difficulty between appellant and Brandenburg, appellant carried the still away from the premises. One Hoskins for the State testified that he found the still, which was identified by Brandenburg and his wife, in the bushes near a certain public road described in the evidence. Appellant was arrested at the home of his brother and a search of his brother's premises failed to reveal the presence of any liquor, still, etc.

Brandenburg and his wife were clearly accomplices. We find nothing in the record tending to connect the appellant with the possession of the still save their testimony alone. Hoskins testified that on one occasion appellant turned a car over near the house of witness and appeared to be drinking; that appellant was coming down the public road just referred to from the

same general direction in which later the still was found in
the brush some one hundred or so yards from said road. Un-
der the facts in this case, that appellant was coming down the
public highway from the southwest and that a still identified
by Brandenburg and his wife as the one which appellant had
carried away from their house some time before, which was
later found in the brush not far from said road, would not
seem to have substantial evidential value as tending to connect
appellant with possession of the still. A small quantity of
liquor was found in a boat belonging to appellant, or appellant
and his brother, but there is not the slightest intimation that
same was made by the still in question, and there is cogent
evidence supporting the proposition that the liquor was put in
the boat by Brandenburg, who is the brother-in-law of ap-
pellant.

We are compelled to the conclusion that the evidence does
not measure up to the requirements of the law. Applying the
test of exclusion, often resorted to, and looking at the case
aside from the testimony of Brandenburg and his wife, there
is nothing tending to connect appellant with the still. It would
be reasonable to conclude that hundreds of people travel along
the highway coming from the direction of the still, past Hos-
kins' home, and that appellant did so would not be a circum-
stance of any value. That a man should travel said highway
and be drinking, would not seem to be of any particular force.
As we understand the record, the still was not set up, nor in
condition for operation, at the place where it was found.

Responding to our conclusion regarding the evidence, as above
announced, the motion for rehearing is granted, the affirmance
set aside and the judgment is now reversed and the cause re-
manded.

*Reversed and remanded.*