J. M. RIGGS, ALIAS EARNEST JONES, V. THE STATE.

No. 16448.   Delivered March 21, 1934.
Reported in 70 S. W. (2d) 164.

The opinion states the case.

*Jesse Owens,* of Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft; the punishment, confinement in the penitentiary for two years.

Appellant contends that the evidence is insufficient to support the conviction for theft, his position being that if any offense is shown it is that of theft by bailee. The indictment charged ordinary theft. If the proof is sufficient to bring the offense within the terms of article 1413, P. C., the indictment for ordinary theft will support the conviction. Hawkins v. State, 126 S. W., 268. We quote the provisions of article 1413, supra, as follows: "The taking must be wrongful, so that if the property came into the possession of the person accused of theft by lawful means, the subsequent appropriation of it is not theft, but if the taking, though originally lawful, was obtained by any false pretext, or with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete."

Guyman Cato, the injured party, testified, in substance, as follows: In March, 1933, appellant came to his place of business in Vernon and asked him to rent him a car to drive to Sherman. He advised appellant that he would not let him have a car to drive that far. Later appellant came back and told him he wanted to rent a car to use around the town of Vernon and to make a little trip to Fargo. He agreed to let appellant have the car and appellant made a deposit of ten dollars. After several hours appellant returned the car and paid him what he owed him. On another occasion appellant rented a car for the purpose of driving around town, and returned it promptly. On the morning of May 1st of the same year appellant told him that he wanted to rent a car for two hours, and made a deposit of ten dollars. He let appellant have a Chevrolet car of the value of two hundred dollars. Appellant did not return the car. Instituting a search, he discovered the car some fifteen days later in a garage in the city of Denison. He

did not give appellant his consent to appropriate the car to his own use.

The state's proof was to the further effect that prior to taking the car out of Vernon, appellant went to a car dealer and advised him that he had a car that another party wanted to sell, and asked what he would pay him for it. The testimony of the state was to the further effect that when appellant left Vernon for Denison he carried a quantity of stolen property in the automobile, which he had taken from various persons in the town of Vernon.

Appellant testified, in substance, that an emergency had arisen after he rented the car, requiring him to go to Denison, and that he had driven the car there after securing it, with no other purpose than to return it.

There were no exceptions to the charge of the court. Under the provisions of article 1413, supra, if the fraudulent intent to appropriate the car to his own use and benefit and to deprive the owner of the value of same existed at the time appellant obtained possession of the car, he would be guilty of theft and can be held under an indictment charging ordinary theft. The fact that the prosecution might have been maintained under article 1429, P. C., defining "theft by bailee" does not establish that the prosecution could not also be maintained under article 1413, supra, if the facts bring it within the latter article. In Lewis v. State, 87 S. W., 831, this court said: "The same transaction may be an offense under both statutes; the distinction between the offenses being that under article 861 (now article 1413) the fraudulent intent must exist at the very time of obtaining possession of the property, while under article 877 (now article 1429, P. C.) it is not necessary that a fraudulent intent should have existed at the time the possession of the property was obtained, but may be formed afterwards." Lewis' Case was quoted from with approval in the case of Alvarez v. State, 2 S. W. (2d) 849. In the present case the facts and circumstances are sufficient to warrant the conclusion that the fraudulent intent existed at the very time appellant obtained possession of the property, and that he used a false pretext to secure its possession. As already pointed out, he stated to the owner that he only wanted to use the car two hours, but after obtaining it, loaded it with property he had stolen from others in the town of Vernon and drove to another city. He did not return the car, it being recovered only after a search had been instituted.

Several of appellant's bills of exception relate to proof of the fact that he had stolen other property in Vernon which he

carried away in the automobile with him. We think this proof was admissible on the question of appellant's intent at the time he obtained possession of the automobile, the inference being that he desired to obtain possession of the car for the purpose of appropriating it to his own use in carrying the stolen property away.

Other bills of exception relate to proof of the fact that appellant had been theretofore indicted for felonies. Appellant having testified in his own behalf, such proof was admissible for the purpose of impeachment.

A careful examination of all of appellant's contentions leads us to the conclusion that error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.