HUBERT MCCAIN V. THE STATE.

No. 21828. Delivered January 21, 1942.
Rehearing Denied February 25, 1942.
Appellant's Request for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) March 11, 1942.

The opinion states the case.

*Clark A. Holloway,* of Clarksville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for theft of a horse, punishment two years in the penitentiary.

The indictment charged ordinary theft,—not theft by conversion—of a horse from William Lee.

The case was tried under the provision of Art. 1413 P. C. which reads as follows: "The taking must be wrongful, so that if the property came into the possession of the person accused of theft by lawful means, the subsequent appropriation of it is not theft, but if the taking, though originally lawful, was obtained by any false pretext, or with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete." It has always been held that theft by false pretext could be sustained under an ordinary indictment for theft.

It is appellant's contention that the facts do not support a conviction of theft by false pretext. Appellant did not testify and offered no evidence in defense. The State's case shows the following facts. Between 1 and 2 o'clock on the afternoon of February 11, 1941, appellant appeared at the home of Mr. Lee,

who was away at the time. Appellant gave his name to Mrs. Lee as C. H. Davis, and represented to her that he was a United States Marshall, and that he was hunting for someone who had killed a negro, and also represented that he wanted to borrow a horse for a couple of hours. Mrs. Lee testified that she did not believe he was a United States Marshall, nor that he was hunting a murderer, but said she had no objection to loaning him a horse for two hours. She helped him catch the horse, and he took Lee's saddle also, and as he rode away appellant told Mrs. Lee when her husband came back to tell him he (appellant) would bring the horse back in two hours. Her husband came in about thirty minutes after appellant left with the horse. She described the man who had given his name as Davis, and from the description Mr. Lee recognized him as being the appellant. He immediately went in pursuit and overtook appellant some ten miles away. Upon Lee's demand appellant delivered the horse to Lee saying to him at the time, "I am pretty hot on his trail, and I would have been back with the horse by sundown." Before he was overtaken appellant had met up with a colored mail carrier by the name of Burks, and after discussing the price of horses, had told Burks that he (appellant) would take $15 for the horse he was riding. Burks evidently understood it to be an offer of sale at the price named as he testified that he intended to get the money at Briarly and buy the horse. Appellant was overtaken by Lee just before they reached Briarly.

The State could not rely upon the false pretext used by appellant that he was a United States Marshall in pursuit of a murderer because Mrs. Lee did not believe such to be true, and therefore, was not induced by such false pretext to deliver the horse to appellant. On the other hand, he also represented that he wanted to borrow the horse and would return it in two hours. The other false statements together with the wrong name given by appellant may be looked to in order to ascertain the intent of appellant when he obtained possession of the horse. If he did not intend to return it, it was not a bona fide borrowing. If the pretext of borrowing upon a promise to return it in two hours was a false pretext by which appellant obtained the horse he having the intent at the time he obtained it to appropriate it to his own use, and he did so appropriate it, the offense of theft would be complete under the provisions of Art. 1413 P. C. (supra). It seems clear from the defensive charge given by the trial court that he entertained the view of the law just suggested. In substance the jury was told if

they had a reasonable doubt whether appellant obtained possession of the horse by a false pretext, or a reasonable doubt whether at the time he obtained possession of the horse he intended to appropriate it to his own use and benefit, or a reasonable doubt whether he did so appropriate it, they would acquit him. The case of Riggs v. State, 125 Tex. Cr. R. 647, 70 S. W. (2d) 164, is strikingly like the instant case upon the point of the false pretext used. There accused pretended to hire a car for two hours. The evidence showed this pretext to get possession of the car was false,—appropriation followed. The court said in that case "The facts and circumstances are sufficient to warrant the conclusion that the fraudulent intent existed at the very time appellant obtained possession of the property, and that he used a false pretext to secure its possession." So we think in the present case the effort to conceal his identity by giving a fictitious name, the other false statements representing himself as a Federal officer pursuing an imaginary murderer, exhibits the fact that appellant had the intent to appropriate the horse when he obtained possession of it, and used the false pretense of borrowing with no purpose of returning it.

If the facts further show an appropriation of the horse by appellant the offense of theft by false pretext is complete. Appellant was no officer, and not in pursuit of a criminal. He had gotten ten miles away from Lee's home when overtaken by the latter in his truck. In the meantime appellant was exercising ownership of the horse in offering to sell it for $15,00, which was much less than its proven value, and the offer to sell was inconsistent with appellant's trusteeship under his pretended borrowing which, if in good faith, contemplated a return of the property to its owner, and not a sale of it by the pretended borrower. We quote from 41 Tex. Jur. Sec. 43, p. 63.

"The manner of consummating the appropriation is immaerial. It need not be accomplished by stealth, nor is it necessary, in order to constitute a conversion or appropriation that the property be sold." Cited in support of the text are Jones v. State, 49 S. W. 387; Lewis v. State, 48 Tex. Cr. R. 309, 87 S. W. 831.

No hard and fast legal rule may be laid down as to what constitutes appropriation or conversion, it being of necessity a fact issue in each case, turning to some extent on the manner of obtaining possession of the property in the first instance.

Believing the jury's finding has support in the evidence the judgment is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant earnestly insists that the trial court, in his charge to the jury, committed fundamental error. We are unable to agree with this contention. The charge, as we construe it, means that if appellant obtained possession of the horse of William Lee by means of any false pretext, or if he obtained possession of the horse from the wife of William Lee by a false pretext of borrowing it, but at the time he obtained such possession, he, the said Hubert McCain, had the fraudulent intent to deprive the said William Lee of the value thereof and to appropriate it to his own use and benefit and did so appropriate it, then, in either event, he would be guilty. We find that the court had theretofore defined theft in accordance with the terms of Article 1413, P. C. However, if appellant desired a more specific and explicit instruction on the first phase of the law in said paragraph, he should have made an objection to the court's charge as required by Article 658, C. C. P. In the absence of any objection, the charge is deemed sufficient, especially when it is construed as a whole, which we are required to do.

Appellant, for the first time in his motion for rehearing, asserts that the court's charge relative to his defensive theory is insufficient to properly present the same to the jury. If he deemed the charge insufficient, he should have complied with Article 658, C. C. P., and addressed an objection thereto specifically pointing out to the court wherein the same was deficient, in the absence of which we are not authorized to review the same.

Appellant also renews his complaint relative to the insufficiency of the evidence to sustain his conviction. This question was decided by this court adversely to appellant's contention, and we see no good reason for receding from our conclusion as expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.