JIMMIE RAMIREZ v. THE STATE.

No. 22965. Delivered November 29. 1944.

The opinion states the case.

*S. J. Norvell,* of Beeville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of an automobile over the value of fifty dollars. The punishment assessed is confinement in the state penitentiary for a period of two years.

Appellant and Jose Nino were jointly indicted for the theft of the automobile at Beeville, Texas. A severance was had and appellant alone was put on trial.

The State's evidence, briefly stated, shows that on the night of August 15, 1943, Gilberto Fernandez went to a picture show at the Bee County Fair Grounds, where he parked his automobile; that while he was at the show some one took the car without his consent. A day or two later the automobile was discovered parked on the side of the highway near the town of Goliad. Two days later appellant and Nino were arrested and charged with the theft of the automobile in question, as well as an automobile taken by them from the street of the town of Goliad. At that time appellant made a voluntary confession to the County Attorney of Bee County in which he admitted that he and Nino stole the car at Beeville. On his trial appellant entered a plea of not guilty to the charge of theft of the automobile in question. He took the witness stand and testified that

he had nothing to do with the taking of the car; that he and Nino were at the Fair Grounds and Nino asked him to get a car and they would drive over to Edna, but he could not drive it; that Nino got into the car, turned on the switch, and invited him in; that he got into the car for the purpose of riding around town; that Nino drove to a filling station and requested the operator to check the gas. Upon being told that the car was full of gas, Nino suggested that they go to Edna and then bring it back; that they drove the car to Edna (in Jackson County), where they visited Isabel Garza; that about noon of the same day they left Edna to come back to Beeville; that when they reached a point about one-half of a mile of the town of Goliad they discovered that all the gas had been consumed. They then walked into Goliad where they tried to obtain some gas but could not get any. They noticed a car parked near a picture show which had a key in the switch; that Nino got into the car, turned on the switch and he then got into the car and they drove back to Beeville; that he and Nino drove the car (which they took at Goliad) around the town of Beeville for about two nights before they were arrested. Appellant did not repudiate his confession nor did he claim that he was coerced, threatened or forced by anyone to make it. We deem the evidence sufficient to sustain the judgment of conviction. See Westerman v. State, 161 S. W. (2d) 95.

Appellant's main contention is that the court erred in declining to give the following special requested charge or incorporate one of like import in his main charge, to-wit:

"If you believe from the evidence that defendant, Jimmie. Ramirez, on or about the 15th day of August, A. D., 1943, took an automobile belonging to Gilberto Hernandez, intending to use it without the owner's consent, but did not intend to appropriate it to his own use and benefit, other than to drive it and thereafter abandon it after such unlawful use, you will render a verdict of not guilty."

The court, in his main charge, instructed the jury as follows:

"If you believe from the evidence, or if you have a reasonable doubt thereof, that the defendant took the automobile for any purpose whatsoever other than to deprive the owner of the value thereof and to appropriate it to his own use and benefit, then you cannot convict the defendant of the theft of said automobile, and you will accordingly acquit him and so say by your verdict."

Appellant contends, however, that this is but a general instruction and does not present his defensive theory in an affirmative manner. When the court gives an instruction on any theory of the case, if the defendant desires a more explicit instruction on the subject, he should, at the proper time, address an objection to the charge as given, specifically pointing out the supposed error. However, where the court fails to give any instruction whatever on an issue raised by the evidence, a special requested instruction on the subject will be deemed sufficient to require a review of the complaint, provided the matter is brought forward by a proper exception. See Crouchett v. State, 99 Tex. Cr. R. 572; McCain v. State, 158 S. W. (2d) 796, and cases cited. In the instant case, appellant failed to file any objection to the court's charge specifically pointing out wherein it was insufficient. We, therefore, overrule his contention.

All other matters complained of were examined and considered by us but found to be without merit.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.