## TOMMY SAMUEL WINDHAM V. STATE

No.31,512. March 16, 1960
Motion for Rehearing Overruled May 4, 1960

DAVIDSON, Judge, dissented.

*Scarborough, Black & Tarpley,* by *James K. Graham,* Abilene, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the theft of $6,470 in money; the punishment, two years.

S. C. Herring mailed from Abilene, Texas, to Sam Windham a $6,470 check in payment for cattle and addressed the envelope containing the check to Sam Windham, Byrd, Texas. The letter was misdirected and was received by the U.S. Post Office in Baird, Texas, where the address was changed by running an ink line through Byrd.

Sam Windham testified that he sold S. C. Herring of Abilene some cattle for $6,470, and that he did not authorize the appellant, his second cousin, to endorse and cash any check from Herring payable to him for said cattle.

Homer H. Scott, vice-president of the Citizens National Bank, Abilene, Texas, while testifying, identified the $6,470 check above described, and stated that said check was presented to Mr. Hollingshead one of the tellers in the bank, who referred the bearer to him for identification; that the bearer of the check approached his desk, represented himself to be Sam Windham, and presented said check to him and he asked appellant what the check was for and he replied that it was for cattle, that his address was route one, Ovalo, Texas, which he (Scott) wrote on the back of the check and at his request the appellant exhibited his driver's license which bore the name of Tommy Samuel Windham; that he then by sign indicated to Tom Dendy, a teller across the lobby in the bank, that the check was all right, and he saw Dendy pay the check when it was presented by Windham.

Thomas H. Dendy, a teller at the bank, while testifying, identified the $6,470 check here in question and further identified the appellant as the person who presented it to him and after the check had been approved by Mr. Scott he paid the check by delivering $6,470 in money to the appellant. He further testified that the money he paid out was charged to him as teller and that he had the actual possession, care, control and management of the money at the time he paid the check and by virtue of the check he voluntarily delivered the money to the appellant.

Appellant did not testify or offer any evidence in his behalf.

Appellant challenges the sufficiency of the evidence on the ground that there was no proof of any false pretext and that Tom Dendy did not rely upon any representation in the delivery of the money in payment of the check.

Art. 1413, P.C., provides two modes under which the acquisition of property will constitute theft; one, that the taker obtained the possession of the property by some false pretext which induced or deceived the owner to surrender it to him; or, two, that at the time he obtained the possession of of it with the consent of the owner, he did so with the intent to deprive the owner of the value thereof and appropriate it to his own use and the same is so appropriated.

The offense of theft defined in Art. 1413, P.C., and that part which is applicable to this case reads as follows: "* * * *Or with*

*any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete."*

The second count of the indictment, which was the only count submitted to the jury, contains the averment that appellant obtained possession of $6,470 in money "with the intent then and there to deprive the said injured party (Tom Dendy) of the value of the same, and to appropriate it to the use of and benefit" of him the said Tommy Samuel Windham.

The court's charge shows that this case was tried on the second method defined in Art. 1413 of committing the offense of theft.

In submitting the case to the jury, the court made appellant's guilt depend upon its finding "beyond a reasonable doubt that said Tommy Samuel Windham presented said check with the intent to secure said money from the said Tom Dendy, and with intent to deprive the said Tom Dendy of the value of the same and with the intent then and there to appropriate said money to his own use and benefit and that the said Tommy Samuel Windham did in this manner obtain possession of said money and did appropriate the same to his own use and benefit, and that said wrongful intent existed at the time, * * *."

The following authorities show that a conviction may be had under the second mode of committing the offense of theft as defined in Art. 1413, P.C. 5 Branch (2ed), 134, Sec. 2684; Davenport v. State, 127 Tex. Cr. Rep. 552, 78 S.W. 2d 605; Newcomb v. State, 131 Tex. Cr. Rep. 30, 95 S.W. 2d 456.

The evidence is sufficient to support the conviction and no error appearing the judgment is affirmed.

Believing the evidence to be insufficient to show the offense of false pretext, Judge Davidson dissents to the affirmance of this conviction.

Opinion approved by the Court.