**W. C. BYRD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37986.**

Court of Criminal Appeals of Texas.

March 24, 1965.

Robinson & Wilson, by James E. Robinson, Abilene, J. W. Reid, Abilene (on appeal only), for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

This is a conviction for misdemeanor theft of thirty dollars in currency; the punishment, a fine of $250 and one year in jail.

This case was submitted to the jury upon the theory of theft by false pretext as denounced by Art. 1413, P.C. The provisions of said Article which are applicable to this case read as follows:

> " * * * or with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, *and the same is so appropriated, the offense of theft is complete.*"

It will be noted that, under these provisions of the statute, the offense of theft is not complete until the property has been appropriated by the accused to his own use and benefit. The intent to appropriate the property does not suffice. Black v. State, 141 Tex.Cr.R. 468, 149 S.W.2d 968; Schoenbeck v. State, 163 Tex.Cr.R. 14, 288 S.W.2d 121.

In submitting this case, the trial court failed to require the jury to find that, in order to convict, the property taken must be appropriated by the accused to his own use and benefit.

Instead, the charge, as given, made appellant's guilt depend upon his intent to appropriate the property to his own use and benefit. This instruction was error.

Proper objections and exceptions were made and reserved to the charge as submitted to the jury.

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.