Tom Upchurch, Jr., Amarillo, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

**Ex parte William E. L. THOMAS.**

**No. 38200.**

Court of Criminal Appeals of Texas.

May 26, 1965.

Rehearing Denied Oct. 13, 1965.

· Tom Upchurch, Jr., Amarillo, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

This is an appeal from an order of the 47th District Court of Potter County remanding appellant to the custody of the Sheriff of said County for delivery to an agent for the State of Louisiana.

The Governor's warrant and the supporting papers were introduced that showed appellant to be charged by affidavit with the offense of theft of $98.10. The Governor's warrant made a prima facie case. Ex Parte Kaufman, 168 Tex.Cr.R. 55, 323 S.W.2d 48, 49.

· The appellant testified that he was not in the State of Louisiana at the time the offense was alleged to have been committed. We held in Ex Parte Ackton, 164 Tex.Cr.R. 548, 301 S.W.2d 86, that the testimony of the accused standing alone is not sufficient to require a finding that he was not in the demanding state on the date alleged.

Appellant contends that the supporting papers show that he had committed the crime of forgery and that the Governor's warrant and the requisition show that he was charged with theft. Theft may be committed in different ways in Texas, even though the facts might show another crime, such as swindling by worthless check or forgery. Windham v. State, 169 Tex. Cr.R. 451, 335 S.W.2d 219. In the absence of a showing to the contrary it is presumed that the law of Louisiana is similar to the law of this state. It is not the province of this Court to pass upon the guilt or innocence of an appellant in an extradition proceeding.

The Governor's warrant is sufficient. Appellant did not raise an issue as to his identity.

The judgment of the trial court is affirmed.