**Bill JOHNSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38588.**

Court of Criminal Appeals of Texas.

Dec. 8, 1965.

Rehearing Denied Jan. 26, 1966.

Charles B. Smallwood, Beaumont, for appellant.

W. C. Lindsey, Dist. Atty., John R. DeWitt, Asst. Dist. Atty., Beaumont, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is felony theft; the punishment, enhanced by a prior conviction for a like offense, 10 years.

The indictment alleged that appellant took $84.00 current money of the United States from the possession of C. A. Perricone without his consent.

Detectives C. A. Perricone and E. T. Carter, of the Beaumont Police Department, were assigned to investigate complaints. concerning a termite extermination business operated by appellant.

Acting together, they had two other extermination companies inspect the home of Perricone, both of whom concluded that the house had no active termites.

They then arranged with appellant to make an inspection of the house and set

up tape recording equipment to record the conversation between Perricone and appellant.

After inspecting the house, appellant reported that in digging under a sill termites fell all over the ground, and that his charge for an extermination job would be $84.00.

Perricone told appellant he would advise him later if he decided to have the job done.

Later in the day Perricone had another exterminating company inspect the house, and they advised that it had no termites.

About 9 o'clock the next morning Perricone got in touch with appellant and arranged for him to do the extermination job at 1 P.M. Carter and Perricone then contacted the District Attorney's office and were advised to go ahead and file charges and get everything set up, and they did so and secured a warrant for appellant's arrest.

Appellant came to the house and completed the extermination job. Carter, who had recorded the first conversation between appellant and Perricone, was in the living room.

When appellant completed the job, Carter accompanied his fellow officer outside. Appellant then wrote a guarantee and Perricone gave him $84.00 in marked money belonging to the City of Beaumont. Detective Carter than approached appellant, identified himself as a police officer, showed him the warrant, told him he was under arrest and took the $84.00 out of appellant's shirt pocket.

Detective Carter testified in part:

"Q. As I understand now, you were sitting up there in the house while he (appellant) was out there actually doing the job with your warrant ready to grab him as soon as he got out?

"A. Yes, sir."

The evidence shows no taking of the $84.00 without the consent of Perricone, hence the state could not rely upon Art. 1410, Vernon's Ann.P.C. defining ordinary theft.

The state relied upon Art. 1413 P.C. relating to theft by false pretext which reads:

"The taking must be wrongful, so that if the property came into the possession of the person accused of theft by lawful means, the subsequent appropriation of it is not theft, but if the taking, though originally lawful, was obtained by any false pretext, or with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, *and the same is so appropriated,* the offense of theft is complete."

The evidence clearly shows that appellant did not obtain possession of the $84.00 by any false pretext or representation *relied upon by Perricone.*

The state relies upon the second portion of Art. 1413 P.C. which provides that if the taking, though originally lawful, was obtained "with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, *and the same is so appropriated,* the offense of theft is complete."

Windham v. State, 169 Tex.Cr.R. 451, 335 S.W.2d 219, and Clay v. State, 171 Tex. Cr.R. 151, 346 S.W.2d 128, are cited as cases in point.

■ These cases recognize the rule that in order to obtain a conviction for theft under Art. 1413 V.A.P.C. where there is no reliance on any false pretext the state must prove beyond a reasonable doubt not only that the accused obtained possession of the property with intent at the time to deprive the owner of the value thereof and appropriate it to his own benefit, but must

further prove beyond a reasonable doubt that he thereafter *did so appropriate it.*

The evidence is not sufficient to sustain a finding that appellant appropriated the $84.00 to his own benefit after obtaining possession thereof.

Detectives Perricone and Carter were acting together. The money was furnished by the City. The fact that one of the officers gave appellant the money and the other took it out of his pocket and served the warrant would no more show a conversion of the money by appellant to his own use than would have been shown had the same officer given and immediately taken the money from him.

Appellant had committed no offense at the time the city detectives filed complaint against him and obtained a warrant for his arrest, and no offense was complete when they served the warrant and took from him the money they had just given him pursuant to their plan.

Appellant's temporary possession of the money did not show appropriation of it to his own use.

The judgment is reversed and the cause is remanded.

McDONALD, Presiding Judge (concurring).

I concur with the majority in the reversal of this case. However, I feel that appellant's temporary possession of the money was sufficient to show the appropriation of it to his own use. I think that the appropriation was complete when the $84.00 changed hands, and the appellant stuck the money in his shirt pocket.

The majority opinion correctly points out "that appellant did not obtain possession of the $84.00 by any false pretext or representation *relied upon by Perricone.*" This, I think, is the crux of the case, and the sole reason upon which I join in the re-

versal of this cause. In McCain v. State, 143 Tex.Cr.R. 521, 158 S.W.2d 796, Presiding Judge Hawkins said:

"The State could not rely upon the false pretext used by appellant that he was a United States Marshal in pursuit of a murderer because Mrs. Lee did not believe such to be true, and therefore, *was not induced by such false pretexts to deliver the horse to appellant.*"

Mr. Perricone did not believe appellant, and he was not induced by such false pretext to deliver the money to him.

For the reason given, I concur in the reversal of this judgment.