**A. J. FINLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 41632.

Court of Criminal Appeals of Texas.

April 30, 1969.

Glenn Hausenfluck, Fort Worth, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

## ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Judge.

The conviction is for felony theft; the punishment, two years.

The prior opinion and order affirming the conviction is withdrawn.

The single count indictment is in the form ordinarily used for charging felony theft of money.

The record reveals that the sentence was pronounced in this cause and notice of appeal was given on December 8, 1967.

The record on appeal was approved by the trial court on July 26, 1968. The trial court on the same date granted appellant's motion for additional time to file his brief

and extended the time for filing until September 7, 1968. The record was transmitted to this Court on August 12, 1968, which was before the appellant's time for filing his brief in the trial court had expired and before the appellant had filed any brief.

Appellant's brief filed in this Court complains that the court erred in overruling his objection to Paragraph 4 of the charge because the court incorrectly applied the law of theft rather than that of theft by false pretext.

In its brief "The State concedes that the charge as a whole is rather broad without a proper application of the law to the facts in this case; * * *. * * * Although the charge could have, and should have, been made more restrictive by a proper application of the facts to the law, this error was not preserved when the appellant failed to object to the charge and point out this error to the court."

The supplemental transcript forwarded to this Court by the district clerk since the state's brief was filed contains the following objection to the court's charge, the ruling of the court thereon, and the certificate of the trial judge pertaining thereto:

"Defendant objects to Paragraph 4 of the Court's charge, being the first paragraph, for the reason that it inaccurately applies the law of theft to the facts in this case rather than the law of theft by false pretext."

"Exceptions overruled by the Court, to which ruling the defendant requested his exception be noted." * * *

"The above is a true and correct copy of the objections timely made by Appellant, the original of which has been lost, and I hereby approve this copy for filing as a part of the record on appeal." [1]

1. Art. 44.11, Vernon's Ann.C.C.P., provides in part, "In cases where the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the Court of Criminal Appeals."

■ The state's evidence reflects that appellant, in 1965, sold Maude Alcorn an insurance policy covering her mother. On August 23, 1966, the appellant and a companion, D. L. Campbell, went to the home of Maude Alcorn, and the appellant told her that he had come to collect the renewal premium on the policy he had sold her in 1965. Maude gave appellant a check for $176.80, signing her mother's name to it which she was authorized to do, payable to D. L. Campbell, which was paid according to the bank statement. The evidence further reveals that the appellant was not an authorized agent of the insurance company on August 23, 1966, and on that date was not authorized to sell insurance in Texas, and that the renewal premium paid on August 23, 1966, was never paid to the insurance company.

The appellant did not testify or offer any testimony in his behalf.

Arts. 1410, and 1413, P.C., denounce separate modes of committing the offense of theft.

Art. 1410, supra, reads:

" 'Theft' is the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some person holding the same for him, *without his consent*, with intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person taking." (Emphasis added)

Art. 1413, supra, provides that:

"The taking must be wrongful, so that if the property came into the possession of the person accused of theft by lawful means, the subsequent appropriation of it is not theft, but *if the taking, though originally lawful, was obtained by any false pretext, or with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete.*" (Emphasis added)

In applying the law to the facts, the court charged the jury as follows:

"Now, if you believe from the evidence beyond a reasonable doubt that in Jack County, Texas, on or about the 23rd day of August, 1966, the defendant, A. J. Finley, unlawfully and fraudulently took from the possession of one Maude Alcorn personal property, to-wit, $176.80 in United States money, of the value of fifty dollars or over, *without the consent of the said Maude Alcorn*, with the intent to deprive the said Maude Alcorn of the value of the same, and with the intent to appropriate it to the use or benefit of the defendant, then you will find the defendant guilty as charged in the indictment." (Emphasis added)

The charge given authorized and confined the conviction of the appellant to the offense of theft as defined in Art. 1410, supra. Such a charge was outside of and not supported by the evidence for the reason that it required the jury to find that the money was taken without the consent of the owner. The court, under the evidence, was not authorized to submit any theory in the charge except the modes of committing the offense of theft as defined by Art. 1413, supra.

The court, in applying the law to the facts in the charge to the jury, did not make appellant's guilt depend upon any finding of false pretext as used in the first mode of committing the offense of theft defined by Art. 1413, supra. Further, the trial court in submitting the case to the jury failed to incorporate in his charge the requirements under the second mode of committing the offense as defined by Art. 1413, supra, which provides that if the taking, though originally lawful, was obtained "with any intent to deprive the owner of the value thereof, and to appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete."

■ When the original taking is with consent, the conviction cannot rest on the

offense of theft as defined in Art. 1410, supra, and to obtain a conviction for theft under Art. 1413, supra, where there is no reliance on any false pretext the state must prove beyond a reasonable doubt not only that the accused obtained possession of the property with intent at the time to deprive the owner of the value thereof and to appropriate it to his own benefit, but must further prove beyond a reasonable doubt that he thereafter did so appropriate it. Schoenbeck v. State, 163 Tex.Cr.R. 14, 288 S.W.2d 121; Johnson v. State, 397 S.W.2d 857.

The evidence does not authorize the submission of the charge as given and does not support the conviction under Art. 1410, supra.

For the reason pointed out, appellant's motion for rehearing is granted and the judgment is reversed and the cause is remanded.

DOUGLAS, J., not participating.