**J. L. BEARDEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45373.**

Court of Criminal Appeals of Texas.

Dec. 6, 1972.

John J. Browne, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Sam Roberson, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is felony theft; the punishment, eight (8) years.

This prosecution involves a land fraud.

Appellant's first ground of error is that Article 1413,[1] V.A.P.C., is invalid in that it creates no offense, fails to define an offense in plain language and fails to provide a standard for determining whether an act is criminal or not. In the case at bar the Court told the jury that the intent to steal must be shown as of the date alleged in the indictment. This Court upheld a conviction for the instant offense under such a charge in Clay v. State, 171 Tex. Cr.R. 151, 346 S.W.2d 128. See also Windham v. State, 169 Tex.Cr.R. 451, 335 S. W.2d 219; Newcomb v. State, 131 Tex. Cr.R. 30, 95 S.W.2d 456; and Davenport v. State, 127 Tex.Cr.R. 552, 78 S.W.2d 605.

Reliance is first had upon Hesbrook v. State, 149 Tex.Cr.App. 310, 194 S.W.2d 260. That case did not question the efficacy of the statute but only restated the rule that the mere failure to return or pay back money after being unable to perform a contract, which had been paid for in advance, without more, does not constitute theft.

Reliance is also had upon Thornton v. State, 171 Tex.Cr.R. 565, 352 S.W.2d 742. Like Hesbrook, supra, this case casts no shadows on the statute but merely holds that where there is no proof of reliance upon the accused's representations, no violation has been shown.

Further, a prosecution for theft by false pretext may be had upon a general indictment for theft. Cameron v. State, Tex.Cr.App., 401 S.W.2d 809; Cameron v. Hauck, 383 F.2d 966, cert. den., 389 U.S. 1039, 88 S.Ct. 777, 19 L.Ed.2d 828.

Appellant's first ground of error is overruled.

Appellant's second ground of error is that the evidence is insufficient to support a conviction because only a breach of civil contract and not theft has been shown.

The State introduced 133 exhibits during this lengthy and somewhat complex trial, but the essential facts are relatively simple. In 1964 the appellant entered into a contract to sell a certain four lots to the Batens, the injured parties, and continued to receive and appropriate to his own use the installments paid by the Batens until 1967 at which time they demanded delivery of the deeds to two of the lots for which they had finished paying. Appellant did not

1. Art. 1413, Vernon's Ann.P.C., provides: "The taking must be wrongful, so that if the property came into the possession of the person accused of theft by lawful means, the subsequent appropriation of it is not theft, but if the taking, though originally lawful, was obtained by any false pretext, or with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete."

perform. More important is the fact that at the time of the receipt and appropriation of the final payment, the date charged in the indictment, the appellant had no title or capacity to convey title to the lots in question.

Volumes could be written about the details of how the above was effected, but they would add nothing to the basic facts set forth here.

Two recent opinions of this Court, Howell v. State, Tex.Cr.App., 478 S.W.2d 468, and Kinder v. State, Tex.Cr.App., 477 S.W.2d 584, have involved prosecutions under the above article and display rather vividly what does and what does not constitute a violation of the statute. We quote from Kinder, supra:

"The fact that false representations pertain to future happenings does not render the evidence insufficient in a proper case. The rule is that false promises or representations as to future happenings by which a person is induced to part with his property may form the basis of the offense of theft by false pretext *so long as the proof shows that such promises were false ab initio.*"

Appellant's ground of error number two is overruled.

Appellant's third and fourth grounds of error are not briefed, will not be discussed and are overruled.

■ Appellant's fifth through ninth grounds of error relate to the Court's charge. First he alleges that the Court did not properly apply the law to the facts in that the Court did not charge the jury to acquit if they found that at the time appellant received the money charged in the indictment he did so in good faith because he had the intention to perform his covenants under the contract. Appellant relies on Barefield v. State, 165 Tex.Cr.R. 581, 309

S.W.2d 451, which was reversed for failure to submit an affirmative defense raised by testimony that appellant had cashed a check in question as an accommodation for another person.

The charge in the case at bar is similar in all respects to the charge contained in Clay v. State, supra.

Further, we are inclined to agree with the State that the appellant's defense was not an affirmative defense but rather was a denial of the necessary element of the State's case and there is therefore no necessity that it be included in the Court's charge. Examples of a similar situation are found in Gilmore v. State, 158 Tex.Cr.R. 534, 257 S.W.2d 300; Kimbro v. State, 157 Tex.Cr.R. 438, 249 S.W.2d 919; Royal v. State, 154 Tex.Cr.R. 567, 228 S.W.2d 162, 229 S.W.2d 808. See also Chamberlain v. State, 170 Tex.Cr.R. 124, 338 S.W.2d 726.

■ Appellant's other requested charges all related to intent. The question of intent was adequately presented in the Court's charge defining theft. We quote from the recent case of Garcia v. State, Tex.Cr.App., 429 S.W.2d 468.

"The failure of the court to submit his requested charge that 'One of the elements of theft of a motor vehicle is an intent to permanently deprive the owner of such vehicle without the owner's consent.' is urged as a ground of error.

"In the charge to the jury, the court defined fraudulent taking and then required the jury to find beyond a reasonable doubt that appellant fraudulently took the automobile from the owner, without his consent, and with the intent to deprive him of it and to appropriate it to his own use and benefit before they could find him guilty, or, if they had a reasonable doubt thereof to find him not

guilty. The charge as given sufficiently included the element of theft as requested. The ground of error is overruled."

Appellant's fifth through ninth grounds of error are overruled.

Appellant's tenth ground of error alleges that "Throughout the trial copies of exhibits, as opposed to originals, were introduced by the State and admitted over this defendant's objection based upon the best evidence rule."

This is not a sufficient compliance with Article 40.09, Section 9, Vernon's Ann.C.C. P., in order to preserve the alleged error on appeal. We further find that this same question was discussed adversely to the appellant's contention in Stone v. State, 171 Tex.Cr.R. 201, 346 S.W.2d 323, 325.

Appellant's tenth ground of error is overruled.

Appellant's ground of error number eleven is that some of the exhibits admitted were not legible and this Court could therefore not properly review them on appeal. We note that throughout the trial a goodly number of these exhibits were read in their entirety into the record. During the course of our review we have not found it necessary to call for the originals as we might do in the event of need as provided by Article 40.09, Section 15, V.A. C.C.P.

Appellant's ground of error number eleven is overruled.

Appellant's ground of error number twelve is not briefed and is overruled. Article 40.09, Section 9, supra.

Appellant's ground of error number thirteen is that "the trial court erred in admitting numerous hearsay exhibits under the Business Records Rule when sufficient predicates for their admission had not been laid and/or the exhibits were not within the purview of the rule." We agree with the State that this is not sufficient compliance with Article 40.09, Section 9, supra, and nothing is presented for review.

Appellant's ground of error number thirteen is overruled.

Appellant's ground of error number fourteen is that "the trial court erred in admitting irrelevant and immaterial evidence as to offenses committed by third parties, not connected with the defendant, but offered for the sole purpose of depriving him with a fair and impartial trial upon the instant charge." No authorities are cited in support of such contention, if the same is to be construed as a sufficient compliance with Article 40.09, Section 9, supra. We point to the fact that this was, as stated before, a complicated case, requiring the presentation of numerous facts which would not necessarily be prejudicial to the appellant.

Appellant's ground of error number fourteen is overruled.

Appellant's ground of error number fifteen complains generally of the State's introduction of evidence concerning the bankruptcy of the City Title Company which the appellant contends was testimony based upon hearsay.

In making out its case in chief, the State developed the chain of title to the lots in question. Part of that chain involved City Title Company which had gone bankrupt during the time covered by this chain. Appellant had no further connection with City Title Company and nothing they had done could, under the facts of this case, have been attributable to appellant. The State contends, citing Watkins v. State, 102 Tex.Cr.R. 219, 277 S.W.2d 397, that the record before us does not establish that the witness in fact was speaking from hearsay. We have concluded that from the State's theory of the case proof of such bankruptcy was an integral part of

the proof relating to the title to the lands in question.

Appellant's ground of error number fifteen is overruled.

 Appellant's ground of error number sixteen relates to jury argument. As stated in the last ground of error, proof of the City Title Company going bankrupt was a part of the proof of the title to the lots in question. During the argument, reference was made to the City Title Company "closing its doors beating thousands of people out of millions of dollars." Appellant's objection was sustained and the jury was instructed not to consider the statement for any purpose. As shown above, appellant had no connection with the City Title Company and this argument could not have been construed by the jury as imbuing any such act to the appellant. We fail to find reversible error effected by this argument.

Appellant's ground of error number sixteen is overruled.

 Appellant's last ground of error relates to his motion for mistrial at a time following the close of the testimony at which it was shown that the bailiff had carried into the jury room during the deliberation of the jury State's Exhibit number 1A which was a plat of the area where the four lots in question were located and which had been identified but had not been introduced in evidence. The only fact, not in evidence, to be obtained from such plat was the names of the adjacent property owners.

Even if such plat was not admissible under the terms of Article 3737e, Vernon's Ann.Civ.St., a question we will not here decide, we do observe that under the facts of this case the identity of the adjacent property owners was not an issue and such evidence could not have been injurious to the appellant.

Appellant's last ground of error is overruled.

Finding no reversible error, the judgment is affirmed.